IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CV-219-FL

| | | |
|---|---|---|
| PATRICK DEON SOLOMON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | MEMORANDUM AND RECOMMENDATION |
| RALEIGH POLICE DEPARTMENT, | ) ) | |
| Defendant. | ) | |

On March 25, 2013, Plaintiff Patrick Solomon ("Plaintiff"), appearing *pro se*, filed a motion to proceed *in forma pauperis* under 28 U.S.C. § 1915.[1] [DE-1]. On April 1, 2013, the court allowed the motion, but directed Plaintiff to file a particularized complaint within 20 days of the court's order so that the court could conduct a review pursuant to 28 U.S.C. § 1915(e)(2). [DE-3]. Plaintiff filed a particularized complaint on April 8, 2013 and the court now conducts frivolity review concerning Plaintiff's particularized complaint. [DE-4]. Such review requires the court to dismiss all or any part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. *See Cochran v. Morris*, 73 F.3d 1310, 1315-16 (4th Cir. 1996) (discussing *sua sponte* dismissal under predecessor statute 28 U.S.C. § 1915(d)).

I.

A case is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Claims that are legally frivolous are "based on an

---

[1] The court has addressed other pauper petitions filed by Plaintiff in regards to complaints against various law enforcement. *See* 5:13-CV-145-D (complaint dismissed as frivolous); 5:13-CV-167-BO (case pending); 5:13-CV-194-D (complaint dismissed as frivolous).

indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." *Adams v. Rice,* 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Claims that are factually frivolous lack an "arguable basis" in fact. *Neitzke,* 490 U.S. at 325. Although a complaint of a *pro se* plaintiff is entitled to more liberal treatment than those drafted by attorneys, *White v. White*, 886 F.2d 721, 724 (4th Cir. 1989), the court is not required to accept a *pro se* plaintiff's contentions as true. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (explaining under predecessor statute 28 U.S.C. § 1915(d) that "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations"). Rather, the court is permitted "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. Examples of such claims include those with factual allegations that are "fanciful," "fantastic" or "delusional." *Id.* at 325, 328.

## II.

According to Plaintiff's particularized complaint, Plaintiff seeks $17,000,000 from the Raleigh Police Department and describes the acts complained of as follows:

> (1) The RPD sent Shaquana Nixon to act as informant as she has stated indirectly so many times & diff. ways (2) Racial profiling (300 cts) due to anest. [sic] amount of times I was pulled over an searched w/out probable cause while leaving the home I shared w/ Shaquana Nixon (3) Unlawful searches of my person & vehicle (ref #2) (4) Assault 50 cts by as said [sic] sent Shaquana Nixon as RPD rep. (5) Grand Theft Larceny > 18,000.00 by sending Emeka Onorai and assoc. I believe to be UC officers just need to see faces to myself [sic] to steal as Emeka Onorai has stated before "sometimes the police make us do things." (6) Falsifying warrants and police reports leading to my arrest on assault charges as well as assault on a female in documented arrest when said victims Nikki Cole & Reggie Cole made no such allegations. (7) Assault by searching genital & anal cavaties [sic] on (ref #2) est. more than 20 time subsequent to the racial profiling. (8) Assault by pepper spray subsequent to (ref #2) (9) Assault by an gov't official by pointing guns subsequent to day to day living & accousting [sic] by I believe to be UC officers again I just need to see the faces and connection of the

2

experiences plus real identify of relation to state agency (10) Assault by gov't officials on many diff. occasions throughout the past 2 years again needing the connection of the seen faces to the related agency[.]

[DE-4] at 2-3.

### III.

Plaintiff's complaint consists of legal conclusions and statements appearing to derive from Plaintiff's stream of consciousness. Additionally, the complaint is wholly lacking in factual allegations and is exceedingly underdeveloped. The allegations contained in Plaintiff's complaint, standing alone, fail to state a claim against Defendant. For the reasons stated above, this court RECOMMENDS that Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE. *See McLean v. United States*, 566 F.3d 391, 400-01 (4th Cir. 2009) (opining that in the context of a § 1915 suit, a claim by a *pro se* litigant should not be unqualifiedly dismissed for failure to state a claim unless its deficiencies are truly incurable).

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This, the 18th day of April, 2013.

Robert B. Jones, Jr.
United States Magistrate Judge

3