IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CV-219-FL

| | | |
|---|---|---|
| PATRICK DEON SOLOMON, | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| RALEIGH POLICE DEPARTMENT, | ) | |
| Defendant. | ) | |

This matter comes before the court on the memorandum and recommendation ("M&R") of Magistrate Judge Robert B. Jones, Jr., pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), wherein it is recommended that the court dismiss plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff filed objection to M&R. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge and dismisses the complaint without prejudice.

**DISCUSSION**

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th

Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

On March 25, 2013, plaintiff filed an application to proceed *in forma pauperis* in this action seeking money damages against defendant. On April 1, 2013, the magistrate judge found that plaintiff had demonstrated sufficient and appropriate evidence of inability to pay the required courts costs, but ordered plaintiff to particularize his complaint, finding that "Plaintiff makes various legal allegations of misconduct, but the facts supporting Plaintiffs complaint are exceedingly underdeveloped." (DE 3). Plaintiff filed a particularized complaint against defendant on April 8, 2013. The M&R recommends dismissal of plaintiff's particularized complaint without prejudice on the basis that it is frivolous. (M&R 1-3).

The court will dismiss an action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. A case is "frivolous" if it lacks an arguable basis in either law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In this case, the M&R recommends dismissal of the complaint for several reasons. First, the complaint "consists of legal conclusions and statements appearing to derive from Plaintiff's stream of consciousness." (M&R 3). Second, "the complaint is wholly lacking in factual allegations and is exceedingly underdeveloped." (Id.). Third, the "allegations contained in Plaintiff's complaint, standing alone, fail to state a claim against Defendant." (Id.).

In plaintiff's objection, plaintiff states that "all I can do is tell you the things that has [sic] happened, things I was told and the possibility I believe would further get to the final conclusion of true evidence that would result in solidifying my beliefs surround [sic] the people I have referred to in my particularized version of my complaint." (Obj. at 1). Plaintiff does not, however, provide

2

further factual basis for his claims. Upon *de novo* review, the court finds that plaintiff's objection provides no reason to disturb the thoughtful analysis contained in the M&R. The court, therefore, adopts the magistrate judge's analysis as its own.

## CONCLUSION

Upon *de novo* review of those portions of the magistrate judge's M&R to which a specific objection has been filed, and upon considered reviewed of those portions of the M&R to which no such objection has been made, the court ADOPTS the findings and recommendations of the magistrate judge in full. Plaintiff's complaint is therefore DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2). The clerk is directed to close this case.

SO ORDERED, this the 15th day of July, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge